1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIKA ALFARO,                        No.  CIV.S-06-0294 MCE DAD

12            Plaintiff,
                                         ORDER AND
13        v.
                                         ORDER TO SHOW CAUSE
14   JO ANNE B. BARNHART,
     Commissioner of
15   Social Security,

16            Defendant.
     _____/

17

18        Plaintiff, proceeding pro se, initiated this action seeking

19   judicial review of an administrative decision denying her claim for

20   disability benefits under the Social Security Act.  See 42 U.S.C. §§

21   405(g) and 1383(c).  Defendant has now filed an ex parte application

22   for extension of time to respond to plaintiff's amended complaint.

23   Defendant having demonstrated good cause for the extension, and this

24   being the first extension requested, the request will be granted.

25        Defendant also has filed a motion to quash subpoenas, or in

26   the alternative for a protective order.  In sum, defendant seeks to

                                     1

1  preclude discovery in this matter, which would include responding to

2  two subpoenas served by plaintiff requiring certain Social Security

3  Administration personnel to appear and produce records.  Defendant's

4  motion appears to be well-taken.  As a general matter, in an action

5  under 42 U.S.C. § 405(g) the court's review is limited to the

6  administrative record.  See Harman v. Apfel, 211 F.3d 1172, 1177 (9th

7  Cir. 2000)("As in other administrative law contexts, judicial review

8  in cases under the Social Security Act is limited to a review of the

9  administrative record for a determination of whether the

10  Commissioner's decision is supported by substantial evidence in the

11  record."); Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir.

12  1992)("An adequate hearing record is indispensable because a

13  reviewing court may consider only the Secretary's final decision, the

14  evidence in the administrative transcript on which the decision was

15  based, and the pleadings.").  Therefore, plaintiff will be directed

16  to show cause in writing why defendant's motion for protective should

17  not be granted.  See Freitag v. Sec'y of Health & Human Resources,

18  No. CV-00-1905-HU, 2001 WL 267635, *1-3 (D. Or. 2001)(granting motion

19  for protective order seeking to prevent discovery in § 405(g)

20  action).

21        Accordingly, IT IS HEREBY ORDERED that:

22        1.  Defendant's ex parte application for extension of time

23  is granted.  The time for defendant to respond to plaintiff's amended

24  complaint is extended to June 19, 2006; and

25        2.  Plaintiff is directed to show cause in writing within

26  ten (10) days of the date of this order why the court should not

2

1  grant defendant's motion for protective order seeking to prevent

2  discovery.  Failure to timely file the required writing will result

3  in the granting of the motion.

4  DATED: May 31, 2006.

5

6  _____
   DALE A. DRCZD
7  UNITED STATES MAGISTRATE JUDGE

8
   DAD:th
9  ddad1\orders.socsec\alfaro0294.order.osc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26