IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA ALFARO,                              No.  CIV.S-06-0294 MCE DAD

      Plaintiff,

  v.                                      <u>ORDER AND</u>

SOCIAL SECURITY ADMINISTRATION,           <u>FINDINGS AND RECOMMENDATIONS</u>

      Defendant.
_____/

      This action is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, or in the alternative for failure to state a claim.  In addition, defendant has moved to quash certain subpoenas served by plaintiff.  Finally, plaintiff has filed documents with the court suggesting that she seeks both a temporary restraining order and the issuance of a writ of attachment.  For the reasons set forth below, the undersigned will recommend that defendant's motion to dismiss be granted and this action be dismissed for lack of subject matter jurisdiction.  In addition, the court will grant defendant's motion to quash the

1

subpoenas served by plaintiff and will deny plaintiff's apparent requests for a temporary restraining order and the issuance of a writ of attachment.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this civil action by filing her complaint on January 17, 2006, in the Small Claims Division of the Sacramento County Superior Court.  Plaintiff's complaint is presented on a state court form and alleges few specific details beyond the claim that

> the Defendant owes $7,3888.00.... In April I received a statement from the Social Security office that my income had changed from $832.00 to $1194.00.  And I've been having a lot of problems with my paperwork and explaining these to the worker they've assigned to me.

(Records and Proceedings From Sacramento County Superior Court, Small Claims Division filed February 28, 2006 at 18.)[1]

Defendant Social Security Administration filed a notice of removal in this court on February 10, 2006.  Plaintiff filed an amended complaint on May 17, 2006.[2]  The amended complaint

---

[1] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties.  For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system.  Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party.  If the filing is lengthy, the document is divided into parts.  When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

[2] After May 17, 2006, plaintiff filed two additional documents styled "amended complaint" and another "complaint."  However,

1 essentially alleges that plaintiff's Social Security checks have been
2 stolen by her roommate, stolen by the postal employees, mishandled by
3 a payee service used by plaintiff as well as issued in an untimely
4 fashion by the Social Security Administration.  The pending motion to
5 dismiss was filed on June 19, 2006,[3] and served on plaintiff, who has
6 not responded to the motion.[4]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party by motion to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979)(citations omitted).  In the latter instance, no presumption of truthfulness attaches to plaintiff's allegations.  Id.  "[T]he district court is not restricted to the face of the pleadings, but

---

pursuant to defendant's request (Doc. nos. 32, 38 & 46) those pleadings will be stricken.  Plaintiff was free to file an amended complaint without leave of court only once as a matter of right.  See Fed. R. Civ. P. 15(a).  She did so by filing her amended complaint on May 17, 2006, and that remains the operative pleading before the court.

[3] Defendant first moved to dismiss on March 29, 2006 (Doc. no. 10), and renewed that motion on June 19, 2006 (Doc. no. 26), in response to plaintiff's amended complaint.

[4] Plaintiff has inundated the court with numerous letters, statements and other filings since the removal of this action.  Those documents are difficult to decipher but none is responsive to the motion to dismiss.

3

may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)(citations omitted). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

## APPLICATION

Title 42 U.S.C. § 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action .... Such action shall be brought in the district court of the United States ....

The condition that there be a "final decision" by the Commissioner consists of two elements. Mathews v. Eldridge, 424 U.S. 319, 328 (1976). One element is that a claim for benefits be presented to the Commissioner; the other is that all administrative remedies prescribed by the Commissioner be exhausted. Id. The requirement that a claim be presented to the Commissioner is "purely 'jurisdictional' in the sense that it cannot be waived." Id. The exhaustion requirement is not purely jurisdictional because it is waivable by the Commissioner and courts. Id.[5]

The Code of Federal Regulations clearly explains the administrative review process to claimants:

---

[5] These two elements of a "final decision" have been recognized by both the Supreme Court and the Ninth Circuit subsequent to the decision in Eldridge. See Bowen v. City of New York, 476 U.S. 467, 482-83 (1986); Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993); Cervantez v. Sullivan, 963 F.2d 229, 231 n.3 (9th Cir. 1992).

4

>     The administrative review process consists of
>     several steps, which usually must be requested
>     within certain time periods and in the following
>     order:
>
>     (1) Initial determination.  This is a
>     determination we make about your eligibility or
>     your continuing eligibility for benefits or about
>     any other matter, as discussed in § 416.1402,
>     that gives you a right to further review.
>
>     (2) Reconsideration.  If you are dissatisfied
>     with an initial determination, you may ask us to
>     reconsider it.
>
>     (3) Hearing before an administrative law judge.
>     If you are dissatisfied with the reconsideration
>     determination, you may request a hearing before
>     an administrative law judge.
>
>     (4) Appeals Council review.  If you are
>     dissatisfied with the decision of the
>     administrative law judge, you may request that
>     the Appeals Council review the decision.
>
>     (5) Federal court review.  When you have
>     completed the steps of the administrative review
>     process listed in paragraphs (a)(1) through
>     (a)(4) of this section, we will have made our
>     final decision.  If you are dissatisfied with our
>     final decision, you may request judicial review
>     by filing an action in a Federal district court.

20 C.F.R. § 416.1400.

In connection with her motion to dismiss this action, defendant has submitted detailed documentation as well as a declaration by Judy Teixeira, Assistant District Manager of the Sacramento Field Office of the Social Security Administration.  That evidence demonstrates that plaintiff is a recipient of both Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively.  In short, the evidence establishes that plaintiff received a one-time

5

back-payment in April of 2005, which led plaintiff to believe that her benefits had increased at that time.  However, that payment was merely a one-time back-payment and plaintiff's regular payments resumed thereafter.  This perceived "decrease" in benefits led plaintiff to pursue this action.  However, nothing in the record suggests that defendant is withholding any payment of benefits from plaintiff.  Moreover, plaintiff has not appealed any determination by the Social Security Administration to the administrative hearing level nor has she received a final decision with respect to any such matter.  While plaintiff filed a request for reconsideration with the Social Security Administration on May 31, 2006, regarding funds she alleges she is owed, a determination on that request is still pending.  Plaintiff has submitted no evidence that she pursued the other available options for administrative review.  See 20 C.F.R. § 416.1400.

     A review of the record and evidence before the court reflects that plaintiff did not engage in the proper administrative review process prior to seeking judicial review.  Accordingly, dismissal for lack of subject matter jurisdiction is appropriate.  Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989).  Plaintiff does not argue, nor does it appear from the evidence before the court, that the exhaustion requirement has been or should be waived in this case.  See Bowen v. City of New York, 476 U.S. 467, 483-84 (1986); Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir. 1989).  Accordingly, the undersigned will recommend that defendant's motion to dismiss for lack of subject matter jurisdiction be granted

due to plaintiff's failure to exhaust available administrative remedies.

Next, over the last several months plaintiff has attempted to serve various subpoenas on defendant, requiring certain Social Security Administration personnel to appear and produce records. Defendant has moved the court to quash each of those subpoenas. (Doc. nos. 20 & 39.) Because the court lacks subject matter jurisdiction over this matter, and considering the general rule that a court's review is limited to the administrative record in an action under 42 U.S.C. § 405(g), defendant's motions to quash will be granted. See Harman v. Apfel, 211 F.3d 1172, 1177 (9th Cir. 2000)("As in other administrative law contexts, judicial review in cases under the Social Security Act is limited to a review of the administrative record for a determination of whether the Commissioner's decision is supported by substantial evidence in the record."); Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1992)("An adequate hearing record is indispensable because a reviewing court may consider only the Secretary's final decision, the evidence in the administrative transcript on which the decision was based, and the pleadings."); Freitag v. Sec'y of Health & Human Resources, No. CV-00-1905-HU, 2001 WL 267635, *1-3 (D. Or. 2001)(granting the agency's motion for protective order seeking to prevent discovery in § 405(g) action). Any outstanding subpoenas served by plaintiff will be quashed.

Finally, plaintiff has filed a proposed temporary restraining order (Doc. no. 30) as well as an ex parte application

7

for writ of attachment (Doc. no. 24), both of which are difficult to decipher. Those requests will be denied as moot in light of the recommendation herein.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's motions to strike (Doc. nos. 32, 38 & 46) are granted. The "complaint" filed on June 19, 2006; "amended complaint" filed on July 5, 2006; and "amended complaint" filed on August 4, 2006, are stricken;

2. Defendant's motions to quash subpoenas are granted. (Doc. nos. 20 & 39.) The subpoenas served by plaintiff in this matter are quashed; and

3. Plaintiff's apparent request for temporary restraining order (Doc. no. 30) and ex parte application for writ of attachment (Doc. no. 24) are denied.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (Doc. no. 10 & 26) for lack of subject matter jurisdiction be granted and this action be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal

1  the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
2  Cir. 1991).
3  DATED: December 13, 2006.

                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\alfaro0294.f&r